# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-2006
_____

JERMAINE CROFT,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Timothy Register, Judge.

August 28, 2024

PER CURIAM.

    AFFIRMED.

NORDBY and TANENBAUM, JJ., concur; B.L. Thomas, J., concurs
with opinion.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____

B.L. Thomas, J., concurring.

I concur in affirming the denial of Appellant's Motion for Post-Conviction Relief, filed under Florida Rule of Criminal Procedure 3.850. I note that there is no doubt of Appellant's guilt, which was founded on overwhelming evidence. The victim's unassailable testimony was corroborated in important details with DNA and other evidence and Appellant's own self-serving admissions to law enforcement. Thus, he could not demonstrate prejudice under *Strickland v. Washington,* even had his attorney provided ineffective representation, which did not occur. Thus, we are correct to affirm the judgment denying collateral relief:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington*, 466 U.S. 668, 694, (1984).

Appellant was convicted of two counts of sexual battery of a physically-helpless person pursuant to section 794.011(4)(a), Florida Statutes, and sentenced to consecutive terms of thirty years in state prison. He brutalized a young woman who could not resist the attack. During the commission of one of the violent sexual batteries, the victim was awakened in pain as Appellant bit her, choked her, and beat her forcibly, bruising her body in multiple locations.

Appellant's crimes could have been eligible for the death penalty but for the decision of the United States Supreme Court. *See Coker v. Georgia,* 433 U.S. 584 (1977).

I write to again express my view in cases such as this that the United States Supreme Court should overrule this erroneous decision that prohibits the States from imposing the death penalty for a perpetrator's rape of an adult woman, *no matter how violent, brutal, and dehumanizing. See Bicking v. State,* 348 So. 3d 35 (Fla. 1st DCA 2022) (B.L. Thomas, J., concurring).

As recognized in *Bicking,* it is instructive to review *Coker,* to understand why that decision was wrongly decided based on any textual view of the Eighth Amendment and any correct view of

proportionality and justice. As Chief Justice Burger recounted in *Coker* in dissent:

> Ehrlich Anthony Coker, raped and then stabbed to death a young woman. Less than eight months later Coker kidnaped and raped a second young woman. After twice raping this 16-year-old victim, he stripped her, severely beat her with a club, and dragged her into a wooded area where he left her for dead. He was apprehended and pleaded guilty to offenses stemming from these incidents. He was sentenced by three separate courts to three life terms, two 20-year terms, and one 8-year term of imprisonment. Each judgment specified that the sentences it imposed were to run consecutively rather than concurrently. Approximately 1 ½ years later, on September 2, 1974, petitioner escaped from the state prison where he was serving these sentences. He promptly raped another 16-year-old woman in the presence of her husband, abducted her from her home, and threatened her with death and serious bodily harm. It is this crime for which the sentence now under review was imposed.

*Bicking,* 348 So. 3d at 43 (quoting *Coker,* 433 U.S. at 605). The Supreme Court's decision erroneously deprived the State of Georgia of its sovereign and constitutional authority in *Coker,* where the heinous facts and prior history of the perpetrator merited the death penalty.

I also reiterate my view of course that the United States Supreme Court should overrule its 5-4 decision in *Kennedy v. Louisiana,* 554 U.S. 407 (2008), that held the States could not impose the death penalty for the rape of a *child. Lainhart v. State,* 351 So. 3d 1282 (Fla. 1st DCA 2022) (B.L. Thomas, J., concurring). Florida has now enacted law that imposes the death penalty for the rape of a child. *See* §§ 921.1425, 794.011(2)(a), Fla. Stat. The Legislature included the following finding in this chapter law:

> The Legislature finds that a person who commits a sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age carries a great risk of death and danger to

vulnerable members of this state. Such crimes destroy the innocence of a young child and violate all standards of decency held by civilized society. The Legislature further finds that *Buford v. State of Florida*, 403 So. 2d 943 (Fla. 1981), was wrongly decided, and that *Kennedy v. Louisiana*, 554 U.S. 407, (2008), was wrongly decided and an egregious infringement of the states' power to punish the most heinous of crimes.

§ 921.1425(1)(a), Fla. Stat.

As Chief Justice Burger recognized, the crime of rape is particularly heinous and inflicts a lifetime of suffering on victims:

A rapist not only violates a victim's privacy and personal integrity, but inevitably causes serious psychological as well as physical harm in the process. The longrange effect upon the victim's life and health *is likely to be irreparable*; it is impossible to measure the harm which results. Volumes have been written by victims, physicians, and psychiatric specialists on the lasting injury suffered by rape victims. *Rape is not a mere physical attack it is destructive of the human personality.*

*Bicking,* 348 So. 3d at 44 (quoting *Coker,* 433 U.S. at 611–13) (emphasis added in *Bicking*).

The victim here suffered and still suffers. She lost her ability to function at the prior high level of her career and experiences dread and terror in her everyday life.

In a just and moral society Appellant would have faced the possibility of capital punishment for this crime.

———————————————

Jermaine Croft, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.